IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LINDA CHASE,

    Plaintiff,

v.                                      CASE NO. 5:23-cv-23-MCR-GRJ

CHIEF JUSTICE CARLOS MUNIZ, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's *pro se* Complaint, ECF No. 1. For the reasons discussed below, Plaintiff's Complaint, ECF No. 1, should be dismissed without leave to amend for failure to state a claim.

### **I. BACKGROUND**

Plaintiff is a prolific filer of civil lawsuits in this district. Since 2022 Plaintiff has filed thirteen previous cases. Although a few cases remain pending most of the previous cases have been dismissed or report and recommendations are pending recommending dismissal. The thirteen cases are: (1) *Chase v. Louis DeJoy, Postmaster General et al.,* case no. 5:22-cv-102-TKW-MAF; (2) *Chase v. Walsh, et al.,* case no. 5:22-cv-105-AW-HTC; (3) *Chase v. Ron DeSantis, Governor of the State of Florida, et al.,* case no. 5:22-cv-106-MW-HTC (dismissed and closed); (4) *Chase v.*

*Thames, et al.,* case no. 5:22-cv-145-AW-MAF; (5) *Chase v. Fisher,* case no. 5:22-cv-179-MW-MAF; (6) *Chase v. Muniz, et al.,* case no. 5:22-cv-193-MCR-MD (dismissed and closed); (7) *Chase v. Kijakazi,* case no. 5:22-cv-194-AW-HTC; (8) *Chase v. Muniz, et al.,* case no. 5:22-cv-195-TKW-HTC (dismissed and closed); (9) *Chase v. Pelosi, et al.,* case no. 5:22-cv-196-AW-MAF (report and recommendation recommending dismissal pending); (10) *Chase v. Burrows,* case no. 5:22-cv-197-MW-MAF; (11) *Chase v. Shepard,* case no. 5:22-cv-198-MCR-HTC (report and recommendation recommending dismissal pending); (12) *Chase v. Ahuja, et al.,* case no. 5:22-cv-225-AW-HTC (case dismissed); (13) *Chase v. Whitcomb, et al.,* case no. 5:22-cv-226-AW-MAF (report and recommendation recommending dismissal pending).

In the present case Plaintiff names twelve persons as defendants, nine of whom are United States District Judges and United States Magistrate Judges.[1] The remaining three defendants are Merrick Garland, Attorney General, Jason Coody, U.S. Attorney for the Northern District of Florida and Carlos Muniz, Chief Justice of the Florida Supreme Court.

---

[1] Robert Hinkle, District Judge; T. Kent Wetherell, District Judge; Mark Walker, Chief District Judge; Allen Winsor, District Judge; Michael Frank, Magistrate Judge; Martin Fitzpatrick, Magistrate Judge; Hope T. Cannon, Magistrate Judge; Zachary Bolitho, Magistrate Judge; and Miles Davis, Magistrate Judge.

Although none of the facts alleged in the complaint relate to her listed statutory claims Plaintiff purports to bring claims under the American with Disabilities Act of 1990; the Civil Rights Act of 1968/title VIII Fair Housing; the Freedom of Information Act ("FOIA"); the Age Discrimination Act of 1967 ("ADEA"); the Federal Employees Compensation Act ("FECA"); the Rehabilitation Act of 1973; the Whistle Blower Protection Enhancement Act of 2021; and the Civil Rights Act of 1991.

The fundamental problem with Plaintiff's complaint is that her claims against the judges have nothing whatsoever to do with the listed statutory claims and instead are based exclusively upon judicial actions the judges took, or did not take soon enough, in each of Plaintiff's previously filed cases. Particularly, Plaintiff complains that her previous cases were dismissed erroneously because court papers were allegedly mailed to the incorrect address, and the judges in those cases failed to act timely on various motions for summary judgment. For relief, Plaintiff requests that the judges assigned to her previous cases act favorably on motions for summary judgment she filed in those cases. Plaintiff also requests a monetary award for the judges' actions against her in those cases and for the Court to address the conduct of the judges in those cases.

## II.  DISCUSSION

District courts have "unquestionable authority to control their own dockets," which includes a "broad discretion in deciding how best to manage cases before them." *Smith v. Psychiatric Sols., Inc.,* 750 F.3d 1253, 1262 (11th Cir. 2014). Under the inherent authority, a district court may dismiss a case *sua sponte*, so long as it follows a "fair procedure," such as by giving a plaintiff notice of its intent to dismiss or an opportunity to respond. *See Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011). A report and recommendation serves as such notice. *See, e.g. Shivers v. Int'l Bhd. of Elec. Workers Local Union,* 262 F. App'x 121, 125, 127 (11th Cir. 2008)(a magistrate judge's report and recommendation may serve as notice of the Court's intent to dispose of a case). Thus, for the reasons discussed below, a *sua sponte* dismissal is appropriate because the judges are protected from the claims against them based upon judicial immunity. And no amendment could cure the deficiencies so amendment of the claims would be futile.

Plaintiff's claims against the district judges and magistrate judges, who presided over her cases, are fundamentally flawed because a party cannot use another civil case to challenge the judicial rulings in the prior cases. Congress did not provide district courts with appellate jurisdiction

4

over each other. One district judge cannot overturn or vacate an order entered by another district judge in a separate case. Where a litigant believes a judge made an error in a ruling in a case the appropriate course of action is to file an objection in the case where the ruling was made or file an appeal to the Eleventh Circuit. And to the extent that Plaintiff wants the judges to issue rulings on pending motions in her other cases the appropriate avenue of recourse is to file a motion in the pending case requesting a ruling. So, to the extent Plaintiff wants the judges in the present case to rule favorably or differently from the judges in her other cases (whether dismissed or still pending) she is not entitled to that relief. And to the extent Plaintiff wants the judges in the present case to rule on motions pending in her cases that have not been dismissed Plaintiff is not entitled to that relief.

As to Plaintiff's request for monetary damages based upon the judges' rulings in her previous cases, Plaintiff's claims are barred by the doctrine of judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 11 (1991)("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.") Judicial immunity applies to all judicial acts. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e. whether it is a function normally performed by a judge, and to

the expectations of the parties, i.e. whether they dealt with the judge in his judicial capacity." *Stump v Sparkman,* 435 U.S. 349, 362 (1978). "In other words, we look to the particular act's relation to a general function normally performed by a judge[.]" *Mireles,* 502 U.S. at 13.

Here, the judicial rulings Plaintiff's claims were in error, and the acts Plaintiff claims the judges failed to take timely, were unquestionably within the scope of their functions as judges in Plaintiff's cases and, therefore, the district judges and the magistrate judges named as defendants in Plaintiff's complaint are protected by judicial immunity for the rulings they entered and the actions they took in Plaintiff's other cases filed in this district. The district judges and the magistrate judges are absolutely protected from suit for damages by judicial immunity even if the actions the judges took were in error, were done maliciously or were carried out in excess of their authority. *Stump,* 435 U.S. at 356, *see also, Mireles,* 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Accordingly, Plaintiff's claims against Judges Hinkle, Wetherell, Walker, Winsor, Frank, Fitzpatrick, Cannon, Bolitho and Davis are due to be dismissed because Plaintiff has failed to state a claim upon which may be granted, and even if she could allege claims against the judges, her claims are barred by judicial immunity.

6

Lastly, as to Plaintiff's claims against Chief Justice Muniz, Attorney General Garland and U.S. Attorney Jason Coody, the Complaint is devoid of any facts or even mention of these defendants and therefore there is no factual basis to support any claims against these officials. Chief Justice Muniz is the Chief Justice of the Florida Supreme Court and has nothing whatsoever to do with this court or any of the previous cases Plaintiff filed. The same applies to Attorney General Garland and U.S. Attorney Coody. Indeed, Plaintiff previously named Justice Muniz, Attorney General Garland and U.S. Attorney Coody in a previously filed lawsuit, which this court dismissed for naming them as defendants without any facts supporting Plaintiff's claims. *See, Chase v. Muniz, et al.,* case no. 5:22-cv-193-MCR-MD.

Accordingly, because Plaintiff has failed to provide any factual assertions concerning alleged wrongdoing by Defendants Muniz, Garland, or Coody Plaintiff's complaint fails to state a claim upon which may be granted and should be dismissed. *See, Neitzke v. Williams,* 490 U.S. 319, 330 n. 8 (1989).

The only remaining question is whether Plaintiff should be granted leave to amend the Complaint.  Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a).  A district court, nevertheless, may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.

Here, leave to amend is futile because Plaintiff cannot pursue claims against the district judges and magistrate judges in a separate lawsuit based upon their rulings in prior cases. And Plaintiff is precluded form suing the district judges and magistrate judges for damages related to their judicial acts in other cases because the judges are protected by absolute judicial immunity.

The claims against Defendant Muniz, Garland and Coody are not subject to amendment because there are no facts alleged (nor could there be) that these defendants had any involvement with Plaintiff's claims. Furthermore, because Plaintiff was previously warned in case no. 5:22-cv-193-MCR-MD, that it is improper to proceed against these defendants in the absence of any factual allegations, permitting Plaintiff an opportunity to amend against these defendants would be a further exercise in futility.

While the Court recognizes that Plaintiff is proceeding *pro se* and has experienced a level of frustration with her previous lawsuits, Plaintiff has now been advised several times by judges in this Court that she cannot file additional lawsuits against the judges presiding over her cases because she believes the rulings are incorrect. Plaintiff's challenges to the judicial rulings in those cases must be made in those cases or in appeals from those cases. Filing separate lawsuits against the judges who presided over Plaintiff's prior cases is not appropriate. And because Plaintiff has now done so on more than one occasion Plaintiff is advised that she could be subjected to sanctions by the Court including monetary sanctions if she continues to do so.

## IV. CONCLUSION

Accordingly, for the reasons discussed above it is respectfully **RECOMMENDED** that Plaintiff's Complaint, ECF No. 1, should be **DISMISSED without leave to amend** for failure to state a claim.

**IN CHAMBERS** this 10th day of February 2023.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.